```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CAMBRIDGE CAPITAL LLC,                                           :
                                                                 :
                                Plaintiff,                       :
                                                                 :        20-cv-11118 (LJL)
        -v-                                                      :
                                                                 :        MEMORANDUM AND
RUBY HAS LLC,                                                    :        ORDER
                                                                 :
                                Defendant.                       :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/2021

LEWIS J. LIMAN, United States District Judge:

Defendant Counterclaim-Plaintiff Ruby Has LLC ("Defendant" or "Ruby Has") moves for a stay of discovery until the Court rules on the parties' dueling motions to dismiss. Dkt No. 49. The motion is opposed by Plaintiff Counterclaim-Defendant Cambridge Capital LLC ("Plaintiff" or "Cambridge Capital"). Dkt No. 50. Defendant argues that its motion to dismiss portions of the complaint presents substantial arguments for dismissal such that a stay is appropriate (particularly given the discovery requested by Plaintiff that is relevant to the complaint. At the same time, it argues that Plaintiff's motion to dismiss Defendants' counterclaims does not present a substantial question. Dkt No. 49. In essence then, it seeks to defer the discovery that it claims will ultimately be taken in this case on the counterclaims in order to rid itself of the obligation to respond to discovery on the complaint. The motion is denied.

The Court starts with the propositions that "[a] motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act," and that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been

filed." *Hong Leong Finance Limited (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)).  Upon a showing of "good cause," the court may grant a motion to stay discovery pending decision on a motion to dismiss.  *See* Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(c)-(d); *see also Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.")  "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong*, 297 F.R.D. at 72 (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)).

Defendant's Rule 12(b)(6) motion is directed to all but one count in the complaint;[1] its thrust is that a letter of intent between the parties, on which Plaintiff's claim relies, does not constitute a binding agreement such as to impose a duty to negotiate in good faith.  *See generally* Dkt. No. 11.

In considering the strength of the motion to dismiss, the court applies the standard whether it presents "substantial grounds for dismissal," or the alternative formulation presented by Judge Gorenstein, whether Defendant has made a "strong showing that [the party moving for the stay] is likely to succeed on the merits." *Hong Leong*, *Leong*, 297 F.R.D. at 72 (quoting *U.S. S.E.C. v. Citigroup Global Mkts., Inc.*, 673 F.3d 158, 162-63 (2d Cir. 2012) (internal citations and quotations omitted).  The standard for a "strong showing" was met in *Hong Leong* where the defendant's motion was directed to the federal court's jurisdiction, where the presence of

---

[1] It also seeks to limit Count 1.  Dkt No. 10.

jurisdiction could be determined readily from the face of the complaint, and where plaintiff was unable to cite any relevant authority in support of the existence of jurisdiction.

The Court cannot find that Defendant has satisfied its obligation to make a "strong showing that the plaintiff's claim is unmeritorious" here. *Id*. For the proposition that the letter of intent at issue here does not create a duty to negotiate in good faith, Defendants rely primarily on *CKSJB Hldgs. LLC v. EPAM Sys., Inc.*, 837 F. App'x 901 (3d Cir. 2020) and *Bennett v. Itochu Intern., Inc.*, 572 F. App'x. 80 (3rd Cir. 2014). Plaintiff cites *SIGA Techs., Inc. v. PharmaAthene, Inc.*, 67 A.3d 330, 346 (Del. 2013) for the proposition that a "non-binding" disclaimer cannot alone necessarily defeat a claim of failure to negotiate in good faith. But there are differences between the language of the letter agreement here and that which the Third Circuit held insufficient to create contractual obligations in *CKSJB Holdings*. The agreement in there provided:

> NON-BINDING AGREEMENT
> This proposal does not constitute and will not give rise to any legally binding obligation whatsoever on the part of EPAM. Moreover, except as expressly provided in any binding written agreement that EPAM and [PointSource] may enter into in the future, no past, present or future action, course of conduct, or failure to act relating to the transaction described herein and/or this proposal or relating to the negotiation of the terms of the transaction contemplated herein and/or by this proposal will give rise to *903 or serve as the basis for any obligation or other liability on the part of such entities or any of their respective affiliates.

*Id*. at 902-903.

The letter agreement here omits certain language found in the agreement at issue in *CKSJB Holdings* and includes other language that may be significant. It provides:

> Non-Binding Agreement
>
> This letter is not intended to be a binding contract (other than with respect to the section herein titled *Exclusivity Period*) and the parties understand that no obligation exists on behalf of either Cambridge to pay the Purchase Price or on behalf of the Company to sell the units prior to entering into the share purchase agreement. This letter is an expression of mutual intent to proceed with the drafting of the share purchase agreement and

3

collateral documents contemplated hereby in accordance with the principles stated herein. Dkt. No. 12-1at 5.

The Court is not prejudging the motion to dismiss—and that is precisely the point; a motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending. Its ruling today merely reflects that whether the differences between the instant case and *CKSJB Holdings* are significant cannot be readily addressed and that it is not clear that Defendant is correct. The issue will require further study and analysis.[2] At this stage and based on its preliminary review of the parties submissions "and without having finally decided the motion to dismiss, the Court concludes that defendan[t] ha[s] failed to sustain [its] burden of showing good cause." *Association Fe Y Allegria*, 1999 WL 147716, at *1.

Second, with respect to the breadth of discovery sought and the possibility of prejudice, Defendant concedes that "the Counterclaims w[ill] require considerable discovery even if the Complaint is dismissed." Dkt No. 49 at 2. It does not argue that the nature of that discovery will be fundamentally different from the discovery that Plaintiff would take on the complaint. The complaint and counterclaims arise out of the same set of operative facts. Moreover, from the Court's brief review, it is not clear that Plaintiff's motion to dismiss the counterclaims will prevail; Defendant makes strong arguments in support of its counterclaims. Thus, having brought the counterclaims, Defendant would have the Court give it the best of both worlds—

---

[2] There is not sufficient information in the discussion of the facts in *Bennett v. Itochu Intern., Inc.* from which the Court can readily determine whether it is dispositive of the issues in this case. The Third Circuit there affirmed the motion for summary judgment because "[t]hroughout the negotiations on the potential DHS investment, the parties executed non-binding letters of interest that stated that any binding agreement would result only from a formal, written contract and that the investment must win the approval of Itochu's internal investment committee." 572 F. Appx. at 84. It is not clear from the decision whether there was other language in the agreements that could be ready to create a duty to negotiate in good faith.

preventing the Plaintiff from ever taking discovery on its claims while preserving the right of the Defendant ultimately to take discovery on the counterclaims.

Such outcome will not "secure the just, speedy, and inexpensive determination of [the] action" to which the Federal Rules are committed. Fed. R. Civ. P. 1. If, as Defendant claims, discovery will ultimately be "considerable" and absent any showing that such discovery would not overlap with what the Plaintiff would take on its complaint, it would impede at least the "just" and "speedy" imperatives of the Rules to delay discovery now. *Cf. Ass'n Fe Y Allegria*, 1999 WL 147716, at *1 (the federal rules "enable the district court to stay discovery here resolution of a preliminary motion may dispose of the *entire action*.") (emphasis added); *Power Travel Int'l, Inc. v. Am. Airlines, Inc.*, 2005 WL 1176072, at *4 (S.D.N.Y. May 19, 2005) (same).

In its letter, Defendant raises issues with respect to the scope of discovery sought by Plaintiff while in its letter Plaintiff raises issues with respect to Defendant's responses to that discovery. In the Court's judgment, those issues are best dealt with pursuant to the standards under Fed. R. Civ. P. 26(b) rather than through a stay. The parties are directed to meet and confer with respect to discovery and to present any issues that remain after the meet-and-confer through a letter motion with respect to discovery pursuant to the Court's Individual Practices.

SO ORDERED.

Dated: June 10, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

5